UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**OSVALDO ALFONSO,**

    Plaintiff,

v.                                                                             Case No: 5:17-cv-452-Oc-30PRL

**EBSA, LOCAL GOVERNMENT
RETIREMENT SYSTEM NON FRS,
CITY OF SUNRISE FL and RESOURCE
CENTERS LLC**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Upon referral, this case is before the Court for consideration of *pro se* Plaintiff's motion requesting to proceed in forma pauperis. (Doc. 2). Previously, the undersigned deferred ruling on Plaintiff's motion and, due to deficiencies in the Complaint and in an abundance of caution, allowed Plaintiff leave to file an Amended Complaint. Plaintiff did so, and now the matter is again before the undersigned for a frivolity review of the Amended Complaint (Doc. 7) and a recommendation regarding Plaintiff's motion to proceed in forma pauperis.

    **I.**    **Background**

Plaintiff has filed an Amended Complaint purporting to bring claims against the following defendants: EBSA, Local Government Retirement System-Non FRS, City of Sunrise, FL, and

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

Resource Centers LLC, et al. Although the Amended Complaint does not cite a Florida Statute, it purports to be a "Notice of a Constitutional Challenge to a Statute under Rule 5.1." (Doc. 7).

As best can be discerned from the Amended Complaint (Doc. 1), Plaintiff wishes to bring a constitutional challenge to an exemption under the Employee Retirement Income Security Act ("ERISA"). Plaintiff alleges that his vested accrued benefit totaling $196,951.46 was misappropriated out of the Sunrise General Employees Retirement Fund, and fraudulently transferred into an account belonging to City Carpet Cleaners. (Doc. 7, p. 1). Plaintiff also generally alleges that ERISA regulations supersede state and local laws, and argues that the City of Sunrise cannot arbitrarily take away by ordinance property that Plaintiff contends he already earned. (Doc. 7, p. 2). Plaintiff demands $487,493.57, plus appreciation to the date of accrued benefit. (Doc. 7, p. 3). The crux of Plaintiff's claim is that "the City of Sunrise and Resource Centers LLC have to date unlawfully withheld my protected benefits." (Doc. 7, p. 1).

## II.  Legal Standards

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if

an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting

*Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

### III. Discussion

As an initial matter, like the original complaint, Plaintiff's Amended Complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff's Complaint is not a short and plain statement of his claims, as required by Rule 8, Fed. R. Civ. P.[2] Rather, once again, the Amended Complaint lacks even a simple narrative explaining the facts and law that give rise to Plaintiff's claim.

Further, and, more importantly, it appears that Plaintiff has already unsuccessfully attempted to litigate these same claims numerous times in Federal Court in Florida. Plaintiff brought essentially the same claims in *Alfonzo v. Resource Centers, LLC, et al.,* Case No. 5-13-cv-411-Oc-WTH-PRL. In that case, Plaintiff brought nearly identical claims for allegedly unlawfully withholding vested accrued benefits. By Order entered September 18, 2014, the District Judge observed that Plaintiff's claims lacked any legal merit, and dismissed the action for lack of

---

[2] Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

subject matter jurisdiction. (Case No. 5-13-cv-411-Oc-WTH-PRL, Doc. 28). The Court also found that there was "no set of facts which Mr. Alfonso could allege – particularly in light of the fact that he has already been given an opportunity to file an amended pleading – which would create jurisdiction in this Court under any of the legal theories asserted." (Case No. 5-13-cv-411-Oc-WTH-PRL, Doc. 28).

And, in *Alfonzo v. Resource Centers, LLC, et al.*, Case No. 0:16-cv-60983-UU, filed in the Southern District of Florida, Plaintiff again brought essentially the same claims against the same defendants. In an order entered September 26, 2016, the District Judge observed that "this is the fifth time that Plaintiff has filed an action based on the same claims and underlying conduct at issue in the instant act. Plaintiff's claims are therefore DISMISSED WITH PREJUDICE." (Doc. 4-1, p. 1). Further, Plaintiff was cautioned that if he re-filed the action in Federal Court, he would be required to pay the Defendants' attorneys' fees and costs incurred in defending such an action. (Doc. 4-1, p. 1).

Thus, Plaintiff is prohibited from re-litigating the claims in the Amended Complaint under the doctrine of collateral estoppel, as well as the express order of the court in the Southern District of Florida. *See United States v. Weiss*, 467 F.3d 1300 (11th Cir.2006). Indeed, Plaintiff's filing of the Amended Complaint, in express violation of the Order of the court in the Southern District of Florida, is a quintessential example of a frivolous claim that will not survive scrutiny under § 1915. And, as this Court previously observed, allowing further amendment would be an exercise in futility, as there appears to be no set of facts which Plaintiff could allege that would create jurisdiction under any legal theory asserted.

## IV. Recommendation

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) be denied, and this case be dismissed.

Recommended in Ocala, Florida on December 22, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy